IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

June 24, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

ROBERT DALE COBB            )  HAMBLEN COUNTY
                           )  03A01-9812-CV-00399
     Plaintiff-Appellant    )
                           )
                           )
     v.                     )  HON. JOHN K. WILSON,
                           )  JUDGE
                           )
DOUGLAS BEIER               )
                           )
     Defendant-Appellee     )  VACATED AND REMANDED

J. RANDALL SHELTON OF MORRISTOWN FOR APPELLANT

JAMES M. DAVIS OF MORRISTOWN FOR APPELLEE

O P I N I O N

Goddard, P.J.

This is a suit for malicious prosecution brought by
Robert Dale Cobb against Douglas R. Beier, attorney at law, who
represented Mr. Cobb's wife in a divorce action.  The Trial Court
granted Mr. Beier summary judgment upon sustaining his defense of
advice of counsel.

Upon appeal this Court dismissed the appeal because a
notice of appeal was not filed with the Clerk of this Court.
Thereafter, the Supreme Court accepted the application for

appeal, reversed this Court and remanded the case for disposition of the appeal on its merits.  Whereupon, an opinion was entered vacating the award of summary judgment and remanding the case to the Trial Court "for further proceedings consistent with this opinion."

After remand, Mr. Beier filed a third affidavit signed by Assistant Attorney General Godbee which prompted the Trial Court to again sustain the defense of advice of counsel and again grant a summary judgment.

Mr. Cobb appeals, contending that disputed facts exist, which precluded entry of a summary judgment.

Before addressing the facts pertinent to this appeal, we note that the defense of advice of counsel requires a full and honest disclosure of all material facts.  Sullivan v. Young, 678 S.W.2d 906 (Tenn.App.1984).  Kerney v. Aetna Casualty & Surety Co., 648 S.W.2d 247 (Tenn.App.1982).

In the earlier opinion of this Court, we stated the following:

> The record discloses that Lisa Cobb, plaintiff's wife, employed defendant as her attorney to represent her in a divorce action, and gave the defendant a check for attorney's fees and costs in the amount of $600.00. The check was drawn on a joint account in the names of plaintiff or Lisa Cobb.  Plaintiff stopped payment on the check and withdrew the funds, which resulted in the check being dishonored.

2

Defendant consulted an attorney and filed an Affidavit of Complaint in the General Sessions Court against plaintiff herein. Defendant relies on the defense of advice of private counsel, and also the District Attorney. Defendant consulted with Assistant District Attorney Godbee, who advised in his opinion there was probable cause for an Affidavit of Complaint to issue.

Shortly before the preliminary hearing, the Assistant District Attorney called defendant to advise that District Attorney Berkeley Bell disagreed with Assistant Attorney General Godbee and requested that defendant permit an order of nolle proseque to be entered. Defendant agreed. In support of the motion for summary judgment, Attorney General Godbee's affidavit was filed, wherein he stated that he had advised there was probable cause for an Affidavit of Complaint to issue. Subsequently, plaintiff filed Godbee's second affidavit wherein he stated in some contradiction to his previous statement that defendant did not tell him that plaintiff was the party opposed to his client, Mrs. Cobb, or that plaintiff was represented by a lawyer, and other information from which he concluded that the information furnished by the defendant was "an inadequate presentation of the actual facts of the case in a hurried minute or two in a courthouse corner by an attorney . . .".

Upon remand, as already noted, a third affidavit of Attorney General Godbee was filed, which stated the following (See appendix for full text of the other two affidavits):

1.   I am an assistant District Attorney General for the Third Judicial District.

2.   I have previously filed 2 affidavits in this cause, the first signed on November 9, 1992 at the request of Douglas R. Beier, and the second signed on March 31, 1994 at the request of Randall Shelton.

3.   The second affidavit signed at the request of Mr. Shelton was 19 months after Mr. Beier had first spoken with me to seek my advice on September 8, 1992. The affidavit I signed for Mr. Beier was 2 months after he consulted me.

4.   When Mr. Shelton spoke with me in March, 1994, he did not bring the check or a copy of the check

for my review. My recollection of the facts had been diminished by the length of time since I had seen it.

5. Mr. Beier again showed me the check shortly after Mr. Shelton filed my March 31, 1994 affidavit. I have again reviewed it just prior to giving this affidavit.

6. It is now obvious that I made inaccurate statements and representations in the March 31, 1994 affidavit Mr. Shelton prepared. Without having the check before me to review some 19 months later, I should not have made the statements that I did in that affidavit. They are misleading and were not based on an accurate recollection of the events surrounding Mr. Beier's and my conversation on September 8, 1992.

7. On September 8, 1992 Mr. Beier did show me the check on which payment had been stopped. The check is signed by Lisa C. Cobb. Mr. Beier did advise me that payment was stopped by Robert D. Cobb, and that the check was written and delivered by Mrs. Cobb as payment for legal services and court costs advanced in their divorce case. I was aware that this was a joint account and that the person who had stopped payment was the account holder (Robert Dale Cobb) other than the one who had written the check (Lisa Cobb).

8. To state that Mr. Beier asked me if he could prosecute Mr. Cobb on a bad check is misleading. Mr. Beier asked me if this factual scenario where the joint holders were being divorced fell under the bad check statute, i.e. it is unlawful for the second account holder to stop payment on a check written by the first account holder in a joint account.

9. I reviewed the statute, reviewed all the pertinent and material facts and concluded that stopping payment in these circumstances is an action proscribed by T.C.A. §39-14-121 and that I believed there was probable cause to prosecute.

10. Contrary to my previous affidavit and upon more accurate reflection, Mr. Beier did tell me that his client was Lisa Cobb; he did tell me that Robert Dale Cobb was the opposing party in a divorce and he probably also told me his lawyer's name, although I did not know him and that would not have been material in my opinion anyway.

11. Mr. Beier did advise me that he had requested of both Mr. Cobb and his attorney that Mr. Cobb redeem the check, but he was refusing to do so. Whether there was an issue of attorney's fees in the divorce action

4

was not material or relevant for my review and would not have made any difference in my advice to Mr. Beier.

12. Mr. Beier did show me the check and it is now obvious that he did tell me the check was written on a joint account by Mr. Cobb's wife, that is apparent from the check itself.

13. I recant my statements made in Paragraphs 5 and 6 of the March 31, 1994 affidavit. Mr. Beier never did ask me if he could prosecute Mr. Cobb criminally; his only inquiry was whether Mr. Cobb's actions were prohibited under T.C.A. §39-14-121. I believe that I was adequately and accurately presented with all material facts and had a sufficient opportunity to form my own legal judgment about whether Mr. Cobb's actions were a violation of the law. I concluded then that they were and advised Mr. Beier of same. I believe that I was presented all material and relevant facts on September 8, 1992, that I knew the entire factual situation to the extent necessary to form a professional legal opinion. I still believe that my opinion which I offered Mr. Beier is accurate.

14. Without having my recollection and memory of these matters refreshed and presented to me by Randall Shelton, I signed an affidavit prepared by him on March 31, 1994. Had I been represented all the facts for review again at the time 19 months later, I would not have signed Mr. Shelton's affidavit. That affidavit is inaccurate, therefore this affidavit is needed to correct the record.

It might be argued that if only Mr. Godbee's first affidavit was a part of the record, summary judgment would be appropriate, or if his third affidavit is accepted at face value, summary judgment would also be appropriate. However, the intervening affidavit, which contradicts both the first and third affidavits, in our view, raises a dispute a of material fact relative to full and honest disclosure, which requires resolution by a jury in accordance with our earlier opinion on the merits, wherein we stated the following:

5

The Supreme Court in *Roberts v. Federal Express Corp.*, 842 S.W.2d 246 (Tenn. 1992), held the reasonableness of the defendant's conduct in bringing an action "should be made by a jury" and the Court further ruled that probable cause is to be determined "solely from an objective examination of the surrounding facts and circumstances". The surrounding facts and circumstances in this case are disputed on the record, especially as related to the affirmance defense of advice of counsel, and summary judgment was inappropriate.

For the foregoing reasons the judgment of the Trial Court is vacated and the cause remanded for further proceedings not inconsistent with this opinion. Costs of appeal are adjudged against Mr. Beier.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Charles D. Susano, Jr., J.